UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| MOOKIE EXOTIC, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CITY OF MILWAUKEE, a Wisconsin | ) | |
| Municipal corporation, | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff, MOOKIE EXOTIC, LLC., and complaining of CITY OF MILWAUKEE, a Wisconsin Municipality, and alleges as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff Mookie Exotic, LLC., is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Milwaukee County, Wisconsin.

2. Plaintiff has been assigned a lease to the first floor of the real estate located at 730 N. Old World Third Street, Milwaukee, Wisconsin.

3. Plaintiff desires to use that property for the purpose of operating a cabaret and retail sale of alcoholic beverages, including the presentation of constitutionally protected erotic entertainment, as well as the incidental sale of other items.

4. Defendant City of Milwaukee is a City organized under the laws of the State of Wisconsin and is located in Milwaukee County, Wisconsin.

5. All references to Defendant Milwaukee are, inter alia, understood to include any and all of its departments, agents, officials and employees.

6. Unless otherwise noted, the acts of these employees and agents were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of Milwaukee, and its divisions, pursuant to the official custom, habit, or policy thereof, under color of its authority.

7. This Court has jurisdiction over the claims raised herein pursuant to 28 U.S.C. 1331, 1343 and 42 U.S.C. 1983, 1988.

8. Venue is appropriate in the Eastern District of Wisconsin, since the acts complained of occurred within that District.

FACTUAL ALLEGATIONS

9. On or about October 8, 2015, Plaintiff was assigned a lease for the first floor of the real property located at 730 N. Old World Street within the boundaries of Milwaukee, Wisconsin.

10. Immediately upon receiving an assignment of that lease, Plaintiff filed applications with Defendant for the following permits: a) Alcohol Beverage retail License; b) Business License; c) Public Entertainment Premises License; and d) Food Dealer License Plan of Operation. Copies of those applications are attached hereto as Exhibit "A," "B," "C" and "D" respectively.

11. Plaintiff intends to operate a club on those premises which will provide entertainment to the public, including adult entertainment.

12. The right to disseminate adult-oriented literature and media is protected by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the Wisconsin Constitution.

-2-

13. Defendant has enacted a series of ordinances which purport to prohibit Plaintiff from offering the constitutionally protected entertainment it intends to offer to the public unless it obtains "either an annual license or permit therefor." Section 108-5.1, Milwaukee Ordinances.

14. The requirements of Defendant's Ordinances constitute a prior restraint of speech, in that Plaintiff cannot offer adult entertainment to the public without having first obtained either a license or permit from Defendant.

15. The requirements for the issuance of a Public Entertainment License are invalid and unconstitutional for the following reasons:

A. There is no requirement that the Application for the license required be issued within a brief period of time. Rather, the Ordinance sets forth a cumbersome, open-ended process with no time limitations for the issuance of a decision. 108-5.7.

B. The Ordinance is vague and indefinite in that it contains no objective criteria for the issuance or denial of a license, but allows an application for the license to be denied for reasons which are arbitrary and capricious, including: "plans the application has to insure the orderly appearance and operation of the premises with respect to litter and noise . . . as well as a description of how applicable noise standards will be met for the subject premises" (108-5.b-7-g); "whether or not the applicant's proposed operations are basically compatible with the normal activity of the neighborhood in which the licensed premises is to be located: (108-b-7-1); "such other reasonable and pertinent information the common council or the

-3-

proper licensing committee may from time to time require" (108-5.b-9); "the appropriateness of the location and premises where the entertainment premises is to be located and whether use of the premises for public appropriateness of the location and premises where the entertainment premises is to be located and whether use of the premises for public entertainment will create undesirable neighborhood problems. (108-7.d-2); "the fitness of the location of the premises to be maintained as the principal place of business to include whether there is an overconcentration of businesses licensed under this chapter" (108-7.d-3); the applicant's record in operating similarly licensed premises (108-7.d-4); any other factors which reasonably relate to the public health, safety and welfare (108-7.d-6).

C.  The hearing procedures in instances where Defendant believes it has reason to deny the application allows Defendant to introduce evidence on matters which are vague, indefinite and uncertain, including

"b. the appropriateness of the location and premises where the licensed premises is to be located and whether use of the premises for the purposes or activities permitted by the license would tend to facilitate a public or private nuisance or create undesirable neighborhood problems . . .";

"c. The fitness of the location of the premises to be maintained as the principal place of business, including but not limited to whether there is an overconcentration of businesses of the type for which the license is sought, whether the proposal is consistent with any pertinent neighborhood business or

-4-

development plans, or proximity to areas where children are typically present:"

"f. Any other factors which reasonably relate to the public health, safety and welfare."

16. The conditions and standards which Milwaukee may impose on the issuance of any license permits for entertainment are vague and vest unbridled discretion in Milwaukee's officials whether to grant or deny a license.

17. Milwaukee's licensing/permitting procedures for entertainment fail to provide for prompt judicial review.

18. Milwaukee's licensing/permitting scheme for adult uses fail to serve a substantial or significant governmental interest, and is not narrowly tailored to serve any such interest.

19. Milwaukee's ordinances were adopted with a predominately censorial purpose and without any evidence or factual basis to believe that they are required to serve a substantial governmental purpose.

20. Milwaukee's attempt to regulate entertainment does not do so by the least restrictive means available.

21. Milwaukee's restrictions on entertainment fail to provide for adequate alternative avenues of communication.

22. Milwaukee's zoning, licensing and permitting procedures for entertainment are unconstitutional on their face, as applied to Plaintiff.

23. Milwaukee's ordinances regulating entertainment violate the First and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the Wisconsin Constitution.

-5-

24. Although Plaintiff filed its applications on October 8, 2015, Defendant delayed in holding a hearing on said applications, which delays were for no valid reason.

25. On January 5, 2016, a committee of Defendant finally held a hearing on Plaintiff's applications, which applications were denied for the reasons that the operation of the business sought by Plaintiff would deter other entities from opening for business in the area, and would deter "respectable" persons from living in the neighborhood. None of those alleged reasons are verifiable, and are not valid reasons to deny Plaintiff's exercise of its constitutional rights.

26. As a result of Defendant's actions, Plaintiff is entitled to relief pursuant to 42 U.S.C. §1983.

## COUNT I

### Declaratory Relief

27. Plaintiff realleges paragraphs 1-26 as Paragraph 27.

28. This is an action for Declaratory Relief pursuant to 42 U.S.C. 2201 and 2202.

29. There is an actual, bona fide controversy between Plaintiff and Defendant City of Milwaukee in that Plaintiff contends that the subject ordinances are preventing it from commencing the operation of a lawful business and are unconstitutional on their face, and as applied, in violation of the First and Fourteenth Amendments to the United States Constitution, whereas Defendant Milwaukee presumably contends that its ordinances and actions are constitutional.

30. Plaintiff is unable to use this property to which it held a valid lease for the constitutionally protected purposes it desires.

-6-

WHEREFORE, Mookie Exotic, LLC., requests this Court to enter a Declaratory Judgment finding that the subject ordinances are unconstitutional on their face and as applied to Plaintiff, and further award court costs incurred in prosecuting this action including a reasonable attorney's fees pursuant to 42 U.S.C. 1988, and such further relief pursuant to 28 U.S.C. 2202 as this Court may deem appropriate.

## Count II

## Injunctive Relief

31.     Plaintiff realleges Paragraphs 1-26 as paragraph 31.

32.     This is an action for injunctive relief.

33.     Defendant has denied licenses to Plaintiff which are necessary for it to operate its business, for reasons which are constitutionally prohibited for the sole purpose of denying Plaintiff the ability to offer entertainment which is protected by the First Amendment and which it has a right to offer to the public.

34.     The mere existence of a prior restraint on free speech causes a chilling effect on protected expression.

35.     Any deprivation of First Amendment rights constitutes irreparable injury per se.

36.     Any harm to Defendant City of Milwaukee resulting from the issuance of an injunction is substantially outweighed by the harm to Plaintiff caused by the deprivation of its cherished First Amendment rights.

37.     It is always in the public interest to protect constitutional freedoms by enjoining unconstitutional laws.

38.     Any legal remedy is per se inadequate when loss of First Amendment rights is involved.

-7-

39. Injunctive relief is appropriate upon a declaration that a law is unconstitutional.

WHEREFORE, Plaintiff respectfully requests this Court to grant it the following relief:

A. Enter a temporary restraining order immediately prohibiting Defendant from taking any action to interfere with the operation of Plaintiff's business, including taking any action to affect the licenses and permits currently held by plaintiff, until a hearing can be held on Plaintiff's Motion for a Preliminary Injunction.

B. Hold a hearing and temporarily and permanently enjoin Defendant from applying and enforcing Its Ordinances, in whole or in part, against Plaintiff.

C. Award Plaintiff its attorney's fees and costs pursuant to 42 U.S.C. 1988.

D. Award Plaintiff such other and further relief as this Court deems fit, just and equitable.

S/Wayne B. Giampietro
One of Plaintiff's attorneys

Of Counsel:
Poltrock & Giampietro
123 W. Madison, Suite 1300
Chicago, Illinois 60602
312-236-0606; Fax 312-236-9264
wgiampietro@wpglawyers.com

-8-

## DECLARATION
### (928 U.S.C. § 1746)

I, Boro Buzdum, do declare as follows:

1. I am a member of Mookie Exotic, LLC., Plaintiff herein; I have read the foregoing Complaint. I have knowledge of the allegations contained in it and all of the facts alleged are true and correct.

2. I declare, under penalty of perjury, that the foregoing is true and correct.

3. I have executed this Declaration on March _____8th_____, 2016.

_____
Boro Buzdum